People v Edwards (2025 NY Slip Op 03204)

People v Edwards

2025 NY Slip Op 03204

Decided on May 28, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 28, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-06939

[*1]The People of the State of New York, respondent,
v
Ethel Mae Edwards, appellant. (Ind. Nos. 749/14, 1095/14) 

Jillian S. Harrington, Staten Island, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Tammy J. Smiley and Sarah S. Rabinowitz of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Patricia A. Harrington, J.), entered September 2, 2021, which, after a hearing, denied her motion pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12.
ORDERED that the order is affirmed.
In April 2014, a vehicle operated by the defendant collided with another vehicle, causing severe injuries to the driver of the other vehicle. Thereafter, the defendant pleaded guilty, among other crimes, to assault in the first degree, vehicular assault in the second degree, reckless endangerment in the first degree, reckless driving, and operating a motor vehicle while under the influence of drugs. The defendant was sentenced as a second felony offender to an aggregate term of imprisonment of 10 years to be followed by 5 years of postrelease supervision.
In 2021, the defendant moved pursuant to CPL 440.47 to vacate her sentence and to be resentenced in accordance with Penal Law § 60.12, which was amended by the Domestic Violence Survivors Justice Act (L 2019, ch 31, § 1; L 2019, ch 55, § 1, part WW, § 1 [eff May 14, 2019]; hereinafter the DVSJA). Following a hearing, the Supreme Court denied the motion.
Where a defendant meets certain criteria under CPL 440.47, he or she may move for resentencing pursuant to the DVSJA (see People v Naqvi, 236 AD3d 927, 928). "The DVSJA permits a court to impose alternative, less severe sentences in certain cases involving defendants who are the victims of domestic violence" (People v Jennifer F., 235 AD3d 776, 777; see People v Martinez, 234 AD3d 874, 875). "Specifically, Penal Law § 60.12(1) provides that a sentencing court 'may instead impose' the alternate, reduced sentencing scheme where the defendant stands convicted of certain offenses, if the court concludes, 'upon a determination following a hearing,' that: (1) 'at the time of the instant offense, the defendant was a victim of domestic violence subjected to substantial physical, sexual or psychological abuse inflicted by a member of the same family or household as the defendant'; (2) 'such abuse was a significant contributing factor to the defendant's criminal behavior'; and (3) 'having regard for the nature and circumstances of the crime and the history, character and condition of the defendant, . . . a sentence of imprisonment pursuant to [Penal [*2]Law §§ 70.00, 70.02, 70.06, 70.71(2) or 70.71(3)] would be unduly harsh'" (People v Hudson, 232 AD3d 200, 204-205, quoting Penal Law § 60.12[1]). The applicable standard is the preponderance of the evidence (see People v Jennifer F., 235 AD3d at 777; People v Rivera, 230 AD3d 517, 519).
Here, as the Supreme Court held, the defendant's evidence at the hearing did not establish that the domestic violence she was subjected to was a "significant contributing factor" to her criminal behavior (Penal Law § 60.12[1]; see People v White, 226 AD3d 1054, 1055). Accordingly, the court did not err in denying the defendant's motion for resentencing.
In light of our determination, the defendant's remaining contentions need not be reached.
GENOVESI, J.P., FORD, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court